John M. Fitzpatrick, Esq.
TOWE & FITZPATRICK, PLLC
619 SW Higgins, Ste O
Missoula, MT 59806
Tel: (406) 829-1669
Fax: (406) 493-0538
jfitz@towefitzlaw.com

Joe P. Leniski, Jr. (TN BPR#022891)(Petition for pro hac vice admission forthcoming)
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
joeyl@bsjfirm.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| BRANDON DIXON, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED PERSONS, | ) ) ) ) | Cause No. |
| Plaintiff, | ) ) | <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> |
| -vs- | ) | |
| MOUNTAIN VIEW PIZZA COMPANY D/B/A PAPA JOHN'S PIZZA, RICK MOHLER, AND ALLISON MOHLER, | ) ) ) ) ) | |
| Defendants. | ) ) | |

COMPLAINT                                                                 Page 1

# COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 AND MONTANA MINIMUM WAGE LAW AND UNJUST ENRICHMENT AND *QUANTUM MERUIT*

Plaintiff Brandon Dixon ("Plaintiff"), individually and on behalf of all other similarly situated persons, brings this Complaint against Defendants Mountain View Pizza Company d/b/a Papa John's Pizza, Rick Mohler, and Allison Mohler and hereby alleges as follows:

1. Defendants operate numerous Papa John's Pizza franchise stores. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate – beneath any reasonable approximation of the expenses that drivers incur – that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., as a class action under Montana's Wages and Wage Protection law. § 39-3-101 et seq. ("Montana Wage Law") and common law to recover unpaid minimum wages and overtime hours owed to himself and similarly situated persons employed by Defendants at their Papa John's Pizza stores.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4.      Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, Defendants operate Papa John's Pizza franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.  Venue is proper in this Division pursuant to Local Rules 3.2(b) and 1.2© because Cascade County is a proper venue under Montana law and Cascade County is within the Great Falls Division.

## Parties

5.      Defendant, Mountain View Pizza Company is a Domestic Profit Corporation with its principal place of business in Great Falls, Montana, and may be served via its registered agent, Allison Mohler, who may be served at 3 White Lane, Great Falls, Montana 59404, or wherever she may be found.

6.      Defendants Rick and Allison Mohler are citizens and residents of the city of Great Falls, Cascade County, Montana, and are individually liable because, during the relevant times, they were owners of substantial interests in Defendant Mountainview Pizza Company d/b/a Papa Johns, served as officers of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as they held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendants Rick and Allison Mohler may be served at 3 White Lane, Great Falls, Montana 59404, or wherever they may be found.

7. Plaintiff Brandon Dixon is a citizen and resident of the city of Great Falls, Cascade County, Montana and was employed by Defendants from approximately 2015 to 2017 as a delivery driver at Defendants' Papa John's Pizza stores located in the Billings, Montana area and within this District. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "**Exhibit 1**."

## General Allegations

### *Defendants' Business*

8. Defendants own and operate numerous Papa John's Pizza franchise stores including stores within this District and this Division.

9. Rick and Allison Mohler are owners, officers, and directors of Mountain View Pizza Company.

10. In this capacity, Rick and Allison Mohler put the pay scheme at issue in place, have overseen and enforced Defendants' pay practices, and are, therefore, individually liable for the violations at issue.

11. Defendants' Papa John's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendants' Flawed Automobile Reimbursement Policy*

12. Defendants require their delivery drivers to maintain and pay for safe, legally operable, and insured automobiles when delivering pizza and other food items.

13. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

14. Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-delivery reimbursement equates to below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

15. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

16. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile.  Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.571 and $.608 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

17. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher

repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

19. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

20. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

21. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

22. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable

underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

23. Plaintiff is paid $8.00 per hour while out on delivery during his employment with Defendants.

24. The federal minimum wage has been $7.25 per hour since July 24, 2009. The Montana minimum wage has been $8.50 per hour since January 1, 2019.

25. During the time Plaintiff has worked for Defendants as a delivery driver, he was reimbursed just $1.00 per delivery and on average drives 6-8 miles per delivery. This means Plaintiff was getting paid between $.17 and $.13 per mile ($1.00 divided by 6 and 8 miles respectively).

26. During the relevant time period, the IRS business mileage reimbursement rate ranged between $.56 and $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas.[1] Using the lowest IRS rate and the highest rate per mile plaintiff is making per mile driven ($.33 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreases his net wages by at least $.365 ($.535 - $.17) per mile.

27. During his employment by Defendants, Plaintiff regularly makes 3 or more deliveries per hour. Thus, using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreases Plaintiff's net wages by at least $1.10 ($.365 x 3 deliveries).

---

[1] http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates

28. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

29. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

30. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Papa John's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

31. Defendants' low reimbursement rates were a frequent complaint of Defendants' delivery drivers, which resulted in discussions with management, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

32. The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

### Class and Collective Action Allegations

33. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated persons pursuant to 29 U.S.C. § 216(b).

34. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

35. Plaintiff, individually and on behalf of other similarly situated persons, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

36. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers.

   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

   c. Defendants required them to maintain these automobiles in a safe, legally operable, and insured condition;

   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

   e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

  f. They were subject to the same pay policies and practices of Defendants;

  g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

  h. They were reimbursed similar set amounts of automobile expenses per delivery; and,

  i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

37. Plaintiff brings Count II, Count III, and Count IV as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants since the date 3 years preceding the filing of this Complaint.

38. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

39. The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

40. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

  a. Whether Defendants failed to pay Class members the minimum wage required by Montana law;

  b. Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items;

    c.       Whether Defendants' formula and/or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members; and

    d.       Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of Montana law.

41.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

42.    Plaintiff's claim is typical of those of the Class in that:

    a.       Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

    b.       Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

    c.       Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally operable, and insured condition;

    d.       Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

    e.       Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f.       Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

    g.       Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h.       Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

      i.      Plaintiff and the Class were paid at or near Montana minimum wage before deducting unreimbursed business expenses.

43. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

44. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

45. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

46. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938

47. Plaintiff reasserts and re-alleges the allegations set forth above.

48. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

49. Defendants are subject to the FLSA's minimum wage requirements because they constitute and operate an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

50. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

51. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated persons.

52. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

53. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

54. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

55. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated persons.

56. Plaintiff and all similarly situated persons are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

57. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

58. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated persons are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated persons are entitled to an award of prejudgment interest at the applicable legal rate.

59. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated persons. Accordingly, Defendants are liable under 29

U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### Count II:  Violations of Montana Minimum Wage Law

60. Plaintiff reasserts and re-alleges the allegations set forth above.

61. At all relevant times, Defendants were to pay minimum wage consistent with the health, efficiency, and general well-being of their employees. Mont. Code Ann. § 39-3-401.

62. Defendants have employed, and continue to employ, employees, including Plaintiff, for services within the meaning of Mont. Code Ann. § 39-3-402.

63. Pursuant to Mont. Code Ann. § 39-3-101, et seq., the Defendants were required to pay Plaintiff and the Putative Plaintiffs wages, when due, for all hours of work at hourly rates which exceeded the minimum wage rate under the FLSA on their regular pay date.

64. Defendants failed to pay Plaintiff and the Putative Plaintiffs reimbursements for travel expenses causing employees' wages to be oppressive and unreasonable under Montana Wage Law and thus failed to comply with this statute Mont. Code Ann. § 39-3-101, et seq.

65. The foregoing conduct, as alleged, constitutes willful violations of the Montana Minimum Wage Act. Id.

66. As set forth above, the Plaintiff and the Putative Plaintiffs have sustained losses and lost compensation as a proximate result of Defendants' violations.  Accordingly, Plaintiff on behalf of himself and the Putative Plaintiffs, seek damages in the amount of their unpaid

earned compensation, liquidated damages, plus interest from the date each amount came due as provided by Montana Wage Law.

67. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under Montana Wage Law and the FLSA, thereby violating, and continuing to violate, Montana Wage Law.

68. Plaintiff, on behalf of himself and the Putative Plaintiffs, seek recovery of his attorneys' fees as provided by §39-3-214.

### Count III: Unjust Enrichment

69. Plaintiff reasserts and re-alleges the allegations set forth above.

70. Plaintiff conferred a benefit upon Defendants by working on their behalf without compensation.

71. Defendants had an appreciation or knowledge of the benefit conferred by Plaintiff.

72. Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

73. Defendant was at fault for failing to pay Plaintiff full compensation.

74. Because Plaintiff and Defendants entered into no contractual relationship, Plaintiff has no contractual or other avenues for redress of his claim.

75. Plaintiff, on behalf of himself and the Putative Plaintiffs, seeks recovery from Defendant's unjust enrichment for himself and other class members.

### Count IV: *Quantum Meruit*

76. Plaintiff reasserts and re-alleges the allegations set forth above.

77. Plaintiff conferred a measurable benefit upon Defendants by working on their behalf without compensation.

78. Plaintiff reasonably expected compensation from the Defendants for the full value of using his vehicle for their benefit.

79. Defendants had an appreciation or knowledge of the benefit conferred by Plaintiff.

80. Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

81. Defendant was at fault for failing to pay Plaintiff full compensation.

82. Because Plaintiff and Defendants entered into no contractual relationship, Plaintiff has no contractual or other avenues for redress of his claim.

83. Plaintiff, on behalf of himself and the Putative Plaintiffs, seeks recovery for himself and other class members based upon *Quantum Meruit*.

WHEREFORE, Plaintiff seeks judgment against the Defendants as follows:

1. For a judgment in such amounts as shall be proven at trial;

2. Compensatory damages;

3. Liquidated damages;

4. Costs of litigation and attorney's fees as provided by law;

5. Pre-judgment and post-judgment interest as provided by law; and

6. Such other relief as the Court deems fair and equitable.

Dated this 20th day of May, 2019

/s/ John M. Fitzpatrick
John M. Fitzpatrick
TOWE & FITZPATRICK, PLLC

*Attorney for Plaintiff Brandon Dixon*

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues of fact in this case.

Dated this 20th day of May, 2019.

/s/ John M. Fitzpatrick
John M. Fitzpatrick
TOWE & FITZPATRICK, PLLC

*Attorney for Plaintiff Brandon Dixon*